UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARILYN MARTIN,

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY, THE HARTFORD FINANCIAL SERVICES GROUP, INC., and HARTFORD FIRE INSURANCE COMPANY,

    Defendants.

Case No. 08-5651RJB

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

This matter comes before the Court on defendants' Motion to Dismiss and Motion to Strike (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein. Oral argument would not be of assistance to the court in resolving this motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2008, plaintiff Marilyn Martin filed a complaint against defendants Twin City Fire Insurance ("Twin City") and The Hartford Financial Services Group, Inc. ("Hartford Financial"). Dkt. 1. On January 1, 2009, the plaintiff filed an amended complaint adding defendant Hartford Fire Insurance Company ("Hartford Fire") and removing a claim. Dkt. 7. The plaintiff alleges breach of contract, violation of the Washington state Consumer Protection

ORDER - 1

Act ("WCPA"), declaratory relief, and injunctive relief. Dkt. 7. Additionally, the plaintiff makes class allegations, but has not moved for class certification as of the date of this order. On February 6, 2009, defendant filed a Motion to Dismiss and Motion to Strike (Dkt. 28).

On March 5, 2008, Marilyn Martin's 2004 GMC Yukon was damaged in a collision with another vehicle driven by an underinsured motorist ("UIM"). Dkt. 7 ¶ 4.1. The collision was caused solely by the negligence of the UIM. *Id*. Plaintiff alleges that at the time of the collision, Ms. Martin was insured by Twin City, Hartford Financial, and Hartford Fire (collectively called "The Hartford" by plaintiff), and had purchased coverage for underinsured property damage. Dkt. 7 at 1, ¶ 4.2. Plaintiff states that The Hartford, at its election, decided to pay to repair Ms. Martin's Yukon according the provisions of Coverage C of Ms. Martin's UIM policy. Dkt. 7 ¶ 4.2. Plaintiff now asserts that The Hartford has not compensated Ms. Martin for the diminished value of her vehicle, or informed her about the diminished value and her right to recover it. Dkt. 7 ¶ 4.4.

The defendants now move to dismiss plaintiff's claims. Defendants assert that claims against Hartford Financial and Hartford Fire should be dismissed for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1). Dkt 28. Additionally, defendants assert that plaintiff's second class definition should stricken because plaintiff lacks standing to assert individual or putative class claims related to payments under the collision or comprehensive coverage. *Id*. Finally, the defendants assert that each of the plaintiff's claims and the entirety of the plaintiff's complaint should be dismissed. *Id*.

## II. DISCUSSION

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provided the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

First, the defendants assert that the plaintiff's case should be dismissed as to Hartford Financial and Hartford Fire because the plaintiff has no basis to sue them since they did not issue a policy to the plaintiff, and the plaintiff has not established the prerequisite injury caused by Hartford Financial and Hartford Fire. Plaintiff responds by stating that she has sufficiently alleged the corporate structure and business inter-relationship of the named defendants. The Court is satisfied that the plaintiff's allegations in her complaint are enough to raise the issue of business relationships above the speculative level and, therefore, should move forward. Additionally, since the plaintiff has not moved for class certification, review of class action related arguments would be premature.

Next, the defendants assert that the plaintiff does not have standing to bring individual or putative class claims related to payments under the collision or comprehensive coverage, and therefore, the plaintiff's Second Class Definition should be stricken. Again, the plaintiff has not moved to certify a class and, therefore, it would be premature to rule on this motion.

Third, defendants assert that plaintiff's breach of contract claim must dismissed because there is no absolute right to recover residual diminished value under either plaintiff's UIM policy or under the Washington UIM statute, and even if there was no limitations under the UIM policy or the Washington UIM statute, the plaintiff has not alleged the predicate for recovery of post-repair diminished value on a tort claim. Additionally, defendant asserts that there was no express provision in the contract requiring disclosure of any right to recover diminished value. The plaintiff disagrees, stating that there is case law to support her legal theory. The Court is satisfied that the plaintiff alleges enough to state a claim that is plausible on its face and that the plaintiff's

breach of contract claim should be heard on the merits.

Fourth, defendants assert that the plaintiff's allegations regarding the WCPA are immaterial except for the "failure to adopt and implement reasonable standards for the prompt investigation of diminished value" allegation, and the "failed to disclose facts related to diminished value coverage" allegation. However, defendant asserts that those two allegations do not state a WCPA claim because plaintiff does not and cannot allege that Twin City's conduct was unreasonable in any respect. The defendant also alleges that plaintiff has no standing to pursue a WCPA claim based on injuries that never happened to her. The plaintiff responds that they have sufficiently plead a claim under the WCPA and that reasonableness is an issue for the jury. Again, at this early stage, the Court is satisfied the plaintiff has alleged enough to raise a claim for relief.

Fifth, defendants allege that there is no basis for the declaratory relief requested by plaintiff in Count III of the Complaint because it duplicates the relief already sought by plaintiff's breach of contract claim in Count I and her WCPA claim in Count II. Defendant argues that declaratory relief and injunctive relief is a remedy, not an independent cause of action. Plaintiff responds that since the elements of her claim for declaratory relief are different from those of her breach of contract and WCPA claims, the claims are not duplicative. Additionally, the plaintiff states that the defendant cites no authority to support their position that an injunction is a remedy, not an independent cause of action. Despite the labels put on the claims, there are underlying legally cognizable claims within those claims that may be proven at trial. Therefore, the plaintiff's allegations are enough to survive the motion to dismiss.

Finally, the defendants allege that the Complaint should be dismissed in its entirety because plaintiff failed to exhaust her administrative remedies before filing suit. Defendant argues that to the extent plaintiff is challenging the scope of disclosure in her policy or the breadth of UIM coverage available under the policy, that challenge should be brought first before the Office of the Washington Insurance Commissioner ("OIC"), not this Court. The plaintiff responds that plaintiff had no clearly defined administrative remedy and, thus, has not failed to exhaust such remedies. At this stage of litigation, the plaintiff has alleged enough facts to support a legally

cognizable theory and for her action to go forward. Determining whether or not, at this stage of litigation, the plaintiff has exhausted her administrative remedies is premature.

For the foregoing reasons, the defendant's Motion to Dismiss and to Motion to Strike (Dkt. 28) should be denied.

### III. ORDER

Therefore, it is hereby, ORDERED that:

Defendant's Motion to Dismiss (Dkt. 28) is **DENIED**; and

Defendant's Motion to Strike (Dkt. 28) is **DENIED**;

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 31st day of March, 2009.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge