UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARILYN MARTIN,

           Plaintiff,

   v.

TWIN CITY INSURANCE COMPANY, THE HARTFORD FINANCIAL SERVICES GROUP, INC. and HARTFORD FIRE INSURANCE COMPANY,

           Defendants.

Case No. 08-5651RJB

ORDER RE MOTIONS TO SEAL

This matter comes before the Court on Class Counsel[1] Motions to Seal (Dkts. 71, 72, 73, 82) and Counsel[2] for Class Representative's Motion to Seal (Dkts. 81). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 25, 2010, a Joint Status Report was filed in this case. Dkt. 65. On the same day, Counsel for Class Representative, filed a document entitled "Memorandum of Class Representative Marilyn Martin in Response to Joint Report to Court." Dkt. 66. On February 3, 2010, the Class Counsel filed a document that responded to the Memorandum filed by Counsel

---

[1] "Class Counsel" for the purposes of this order includes Steve Hansen, Debra Hayes, David Futscher and Van Bunch, and does not include Alana Bullis.

[2] "Counsel for Class Representative" for the purposes of this order is Alana Bullis.

ORDER - 1

1 for Class Representative, and filed a Motion to Disqualify Counsel. Dkt. 70. In connection with the pleading regarding the Motion to Disqualify Counsel, the Class Counsel and the Counsel for Class Representative filed several motions to seal. Dkt. 71, 72, 73, 81, 82. The Court will now address the serial motions to seal in one order in the interest of judicial efficiency.

## II. DISCUSSION

Local Rule CR (5)(g) sets forth a uniform procedure for sealing documents filed with this court. "There is a strong presumption of public access to the court's files." CR(g)(2). "With regard to nondispositive motions, this presumption may be overcome by a showing of good cause under Rule 26(c)." *Id*. Fed.R.Civ.P. Rule 26(c)(1) provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Class Counsel requests that three documents, the declarations of Debra Hays, Stephen Hansen, and David Futscher (Dkts. 74, 75, 76), be sealed because they contain information regarding confidential settlement negotiations and/or client communications. Dkts. 71, 72, 73. Under CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." These motions are without opposition by any party. Therefore, the Court may consider the absence of opposition as an admission that the motion has merit. The Court believes that there is good cause to seal the documents submitted by Class Counsel because they contain information regarding settlement negotiations and/or client communications.

Class Counsel also requests that the deposition transcript of Darrell Harber (Dkt. 83) be sealed until the filing of documents seeking Preliminary Approval of the Settlement because the transcripts contain information regarding confidential settlement terms. Dkt. 82, p. 1. This motion is without opposition by any party. Therefore, the Court may consider the absence of opposition as an admission that the motion has merit. The Court believes that there is good cause to seal the deposition transcript of Darrell Harber because it contains information regarding settlement terms until such time there is a filing of documents seeking preliminary approval of a settlement.

Counsel for the Class Representative requests that the Court seal several documents because they contain information regarding confidential settlement negotiations. Dkt. 81. Specifically, she requests that the following be sealed:

1. Class Representative's Opposition to Motion to Disqualify and Counter-Motion to Disqualify (Dkt. 77);

2. Declaration of Marilyn L. Martin, (Dkt. 77, Attachment 2);

3. Declaration of Tamara L. Martin (Dkt. 77, Attachment 3);

4. Memorandum of Class Representative in Response to Joint Report (Dkt. 66);

5. Declaration of Alana K. Bullis (Dkt. 64); and

6. Affidavit of Class Representative Marilyn Marting (Dkt. 64, Attachment 1).

This motion is without opposition by any party. Therefore, the Court may consider the absence of opposition as an admission that the motion has merit. The Court believes that there is good cause to seal these documents because they contain information regarding settlement negotiations.

For the foregoing reasons, the Motions to Seal should be granted.

### III. ORDER

The Court does hereby find and ORDER:

(1) Class Counsel's Motions to Seal (Dkts. 71, 72, 73, 82) are **GRANTED**;

(2) Counsel for Class Representative's Motion to Seal (Dkt. 81) is **GRANTED**; and

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address..

DATED this 26th day of February, 2010.

Robert J. Bryan
United States District Judge