THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARILYN MARTIN,

        Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,
THE HARTFORD FINANCIAL SERVICES
GROUP, INC., and HARTFORD FIRE
INSURANCE COMPANY,

        Defendants.

Case No.: 08-CV-5651-RJB

AMENDED ORDER OF
PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVAL OF
NOTICE OF PENDENCY OF
SETTLEMENT OF CLASS ACTION
TO CLASS MEMBERS

**AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AND
APPROVAL OF  NOTICE OF PENDENCY OF SETTLEMENT
OF CLASS ACTION TO CLASS MEMBERS**

WHEREAS Plaintiff has made a motion for preliminary approval of a Settlement

Agreement between a Settlement Class and Twin City Fire Insurance Company, The Hartford

Financial Services Group, Inc., and Hartford Fire Insurance Company (collectively "Hartford" as

defined in the Settlement Agreement[1]).

NOW, THEREFORE, based upon the preliminary settlement hearing held on March 12,

2010 and all the files, records and proceedings herein, and it appearing to the Court that a

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Settlement Agreement.

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

hearing should be held (on notice to the Potential Class Members) to determine finally if the terms of the Settlement are fair, reasonable and adequate;

IT IS HEREBY ORDERED THAT:

1.      For purposes of determining whether the terms of the Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Settlement being finally approved, a Settlement Class is conditionally certified, for purposes of this Settlement only, as consisting of a class defined as follows:

Each Person who, during the time periods set forth in paragraph (b) below, meets the following criteria:

(a)      was insured under a personal lines automobile insurance policy providing uninsured motorist property damage coverage or underinsured motorist property damage coverage issued by a Hartford Entity;

(b)      was involved in an automobile accident:

(i)      with an underinsured or uninsured motorist and reported a claim of property damage to his or her vehicle between October 24, 2002 (except as to persons residing in Ohio at the time of their accident, for whom the date shall be October 24, 1993, and persons residing in Illinois, Indiana, Louisiana, Rhode Island or West Virginia at the time of their accident, for whom the date shall be October 24, 1998) and the date of preliminary court approval of this Agreement, which claim was processed and/or adjusted under uninsured motorist property damage coverage or underinsured motorist property damage coverage; or

(ii)      with a hit and run motorist and reported a claim of property damage to his or her vehicle between October 24, 2002 (except as to persons residing in Ohio at the time of their accident, for whom the date shall be October 24, 1993, and persons residing in Illinois, Indiana, Louisiana, Rhode Island or West Virginia at the time of their accident, for whom the date shall be October 24, 1998) and the date of preliminary court approval of this Agreement, which claim was processed and/or adjusted under uninsured motorist property damage coverage, underinsured motorist property damage coverage, or collision coverage; or

(iii)      with an underinsured or uninsured motorist and reported a claim of property damage to his or her vehicle between October 24, 2003 (except as to persons residing in Ohio at the time of their accident, for whom the date shall be October 24, 1994, and persons residing in Illinois, Indiana,

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-2-

Louisiana, Rhode Island or West Virginia at the time of their accident, for whom the date shall be October 24, 1999) and the date of preliminary court approval of this Agreement, which claim was processed and/or adjusted under collision coverage;

(c)      for whom the estimate, including supplements to repair the property damage to the vehicle exceeded $1,000;

(d)      whose vehicle was less than 6 years old at the time of loss (measured by model year plus 5 years);

(e)      whose vehicle had less than 90,000 miles at the time of loss; and

(f)      whose vehicle sustained structural (frame) damage and/or required body work.

(g)      Notwithstanding the criteria set forth in sub-sections (a) - (f) above, the following are excluded from the Settlement Class:

(i)      claims resulting in total losses;

(ii)      claims for damage to leased, non-owned or temporary substitute vehicles;

(iii)      claims limited to (1) glass repair or replacement, (2) tire replacement, or (3) sound systems repair or replacement, or (4) any combination of (1), (2) and (3) only;

(iv)      claims identified as closed without payment by a Hartford Entity;

(v)      claims in which the policyholder was paid for diminished value in addition to the cost of repair;

(vi)      claims involving vehicles that, prior to the accident at issue, had been involved in any other accident;

(vii)      the Hartford Entities, all present or former officers and/or directors of the Hartford Entities, Class Counsel, the Judge of this Court, the Judge's family and staff, Hartford's counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class in accordance with the provisions of the Individual Notice.

2.      Plaintiff is appointed as a representative of the Settlement Class and the following counsel are designated as counsel for the Settlement Class ("Class Counsel"):

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-3-

Debra B. Hayes
REICH & BINSTOCK
4265 San Felipe, Suite 1000
Houston, TX 77027

David A. Futscher
PARRY DEERING FUTSCHER & SPARKS
P.O. Box 2618
Covington, KY 41012-2618

Elaine A. Ryan
Patricia N. Syverson
BONNETT FAIRBOURN FRIEDMAN & BALINT
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012

Van Bunch
BONNETT FAIRBOURN FRIEDMAN & BALINT
57 Carriage Hill
Signal Mountain, TN 37377

Stephen M. Hansen
LOWENBERG, LOPEZ & HANSEN, PS
950 Pacific Avenue, Suite 450
Tacoma, WA 98402

3.     If final approval of the Settlement is not obtained, if Final judgment as

contemplated herein is not granted, if the Settlement Agreement is terminated or

disapproved in whole or in part by the Court, any appellate court and/or any other

court of review or if any of the Parties invoke their right to revoke the Settlement

Agreement as provided in paragraph 62 of the Settlement Agreement, this Order,

including the certification of the Settlement Class, shall be vacated *ab initio* and

the parties shall be restored without prejudice to their respective litigation

positions prior to the date of this Order.

4.     Pending final determination of whether the Settlement should be approved, all

proceedings in this Action shall be stayed until further order of the Court, except

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

such proceedings as may be necessary either to implement the Settlement or to comply with or effectuate the terms of the Settlement Agreement.

5.      Dahl, Inc. is approved by the Court to administer the Settlement Class and settlement notice as the neutral Settlement Administrator.

6.      Hartford and the Settlement Administrator shall use their best efforts to within sixty (60) days after the date of this Order, send to the last known address of each person Hartford has determined to be a Potential Class Member in this case a notice in a form and content substantially similar to the Individual Notice attached as Exhibit C of the Settlement Agreement.  The last known address shall be determined from information available in the Hartford Entities' files.  The Individual Notice shall be accompanied by a claim form in a form and content substantially similar to the Claim Form attached as Exhibit A of the Settlement Agreement.  Additionally, the Claim Administrator shall cause to be published on a one-time basis, in one edition of *USA Today*, a publication notice in a form and content substantially similar to the Summary Notice attached as Exhibit E of the Settlement Agreement.

7.      The Individual Notice will provide Potential Class Members with the opportunity to request exclusion from participating in the Settlement.  Such opt-out rights may be exercised only individually by a Potential Class Member or, in the case of a Potential Class Member who is deceased or incapacitated only, the Legally Authorized Representative of the Potential Class Member.  No Potential Class Member may effect an exclusion of a class of individuals or represent such a class.

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-5-

8.      The Court preliminarily finds that the dissemination of the Individual Notice and the publication of the Summary Notice under the terms and in the format provided for in this Order constitute the best notice practicable under the circumstances, and are due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfy the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

9.      A hearing (the "Final Settlement Hearing") shall be held on August 27, 2010 at 1:30 pm in Courtroom A of the United States District Court for the Western District of Washington in Tacoma, Washington to determine whether the Settlement (including the payment of attorneys' fees and costs to Class Counsel) should be approved as fair, reasonable, and adequate, and to determine whether the Final Approval Order and Judgment approving the Settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered.  The Final Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Settlement Class.

10.     Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered, by the Court (unless the Court in its discretion shall otherwise direct) only if they comply with the objection procedures set forth in the Settlement Agreement and the Individual Notice. Specifically, members of the Settlement Class who have not made a timely request for exclusion from the Settlement Class must provide a notice of intent in order to object to the Settlement.  The written notice of intent to object must be

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

sent by first-class mail to the Settlement Administrator, postmarked no later than sixty (60) days after the Notice Date, in the manner provided for in the Individual Notice.  Any Potential Class Member who does not so request to object waives the right to do so in the future, and shall be forever barred from making any objection to the Settlement.  Any notice of intent to object must contain:  (a) a heading which includes the name of the Action and the case number; (b) the name, address, telephone number and signature of the objecting Class Member; (c) if available, the applicable policy and/or claim number, and the date of loss for the claim at issue; (d) the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney; (e) a statement whether the objecting Class Member intends to appear at the Final Settlement Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and phone number; and (f) if the Class Member or his/her attorney requests permission to speak at the Final Settlement Hearing, a detailed statement of the specific legal and factual basis for each and every objection, and a detailed description of any and all evidence the objecting Class Member may offer at the Final Settlement Hearing, including photocopies of any and all exhibits that the objecting Class Member may introduce at the Final Settlement Hearing.

11.     All Requests for Exclusion from the Settlement Class must be in writing and must comply with the provisions of and contain the information required by the Settlement Agreement and the Individual Notice and, to be effective, must be sent to the address provided in the Individual Notice, by first-class mail, postmarked

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

no later than sixty (60) days after the Notice Date.  All persons who file valid Requests for Exclusion in the manner set forth in the Individual Notice shall have no rights under the Settlement and shall not receive any payment pursuant to this Settlement, and shall not be bound by the Settlement Agreement or any final judgment and order of dismissal entered pursuant to the Settlement Agreement. All Potential Class Members who do not request exclusion in the manner set forth in the Individual Notice shall be bound by any final judgment and order of dismissal entered pursuant to the Settlement Agreement, shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Settlement Agreement, against the Released Persons, as defined in the Settlement Agreement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

12.     Within ten (10) business days after the deadline fixed for Potential Class Members to request exclusion from the Settlement Class, Class Counsel and counsel for Hartford shall forward to the Settlement Administrator, Dahl, Inc., copies of any Requests for Exclusion received by Class Counsel and counsel for Hartford.

13.     Within fifteen (15) business days of the deadline fixed for Potential Class Members to requests exclusion from the Settlement Class, the Settlement Administrator shall prepare a log of all timely and valid Requests for Exclusion and deliver such log and a copy of all Requests for Exclusion to counsel for all parties.

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-8-

14.     The Settlement Administrator shall promptly log each notice of intent to object that it receives, and it shall provide copies of the log and all such notices of intent to object and related materials to Hartford and Class Counsel within ten (10) business days after the deadline fixed for Class Members to object to the Settlement.  Counsel for Hartford and Class Counsel will arrange for filing of any objections with the Court at least five (5) business days in advance of the Final Settlement Hearing.

15.     Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of or to any Person seeking exclusion from the Settlement Class or any other Person seeking to litigate with the Hartford Entities or Released Persons over any of the Released Claims, or to represent any form of opt-out class from this Settlement, could place Class Counsel in an untenable conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms shall not (only to the extent that it is otherwise not violative of any applicable rules of professional conduct) represent, encourage, solicit or otherwise assist, in any way whatsoever, including, but not limited to referrals to other counsel, any Person in requesting exclusion from the Settlement Class, except that referring such Person to the Individual Notice or suggesting to any such Person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.  Additionally, Class Counsel and their respective firms shall not (only to the extent that it is otherwise not violative of any applicable rules of professional conduct) represent, encourage, solicit or otherwise assist, in any way

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-9-

whatsoever, any Person who requests exclusion from the Settlement Class, or who seeks to represent any form of opt-out class from this Settlement, or any other Person, in any subsequent litigation that Person may enter into with the Hartford Entities or Released Persons relating to the Released Claims or any related claims, except that suggesting to any such Person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

16.  The Settlement falls within the range of possible final approval and is hereby preliminarily approved.  The Settlement is not to be deemed an admission of liability or fault by the Hartford Entities or by any other person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by the Hartford Entities.  The Settlement is not a concession and shall not be used as an admission of any fault or omission by the Hartford Entities or any other person or entity.  Neither the terms or provisions of the Settlement Agreement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by the Hartford Entities, except in any proceedings brought to enforce the Settlement Agreement or Settlement and except that the Hartford Entities may file this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement,

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB
-10-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Effective the date hereof, the Court hereby bars and enjoins (i) all members of the Settlement Class who have not been excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceedings in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (ii) all members of the Settlement Class from organizing members of the Settlement Class who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; and/or (iii) all members of the Settlement Class who have not been excluded from the Settlement Class from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims.

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

18.     Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

19.     It is hereby ordered that this Action shall be stayed pending further proceedings in connection with the effectuation of the Settlement.

IT IS SO ORDERED.

THIS 16th day of March, 2010.

_____
ROBERT J. BRYAN
United States District Judge

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

Presented by:


S / _____
Debra B. Hayes
REICH & BINSTOCK
4265 San Felipe, Suite 1000
Houston, TX  77027


S / _____
David A. Futscher
PARRY DEERING FUTSCHER & SPARKS
P.O. Box 2618
Covington, KY  41012-2618


S / _____
Elaine A. Ryan
Patricia N. Syverson
BONNETT FAIRBOURN FRIEDMAN &
BALINT
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012


S / _____
Van Bunch
BONNETT FAIRBOURN FRIEDMAN &
BALINT
57 Carriage Hill
Signal Mountain, TN  37377


S / _____
Stephen M. Hansen
LOWENBERG, LOPEZ & HANSEN, PS
950 Pacific Avenue, Suite 450
Tacoma, WA  98402


Class Counsel

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

S / _____
Bradford J. Axel
Kelly Twiss Noonan
STOKES LAWRENCE
800 5TH Avenue, Suite 400
Seattle, WA  98104-3179


S / _____
Marci A. Eisenstein
William E. Meyer, Jr.
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL  60606

Attorneys for the Defendants

AMENDED ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF NOTICE OF PENDENCY OF SETTLEMENT OF
CLASS ACTION TO CLASS MEMBERS Case No.: 08-CV-5651-RJB

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-14-